## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Deirdre Gooden, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   2:21-cv-2323 |
| | ) |
| Enhanced Recovery Company, LLC, a | ) |
| Delaware limited liability company, | ) |
| | ) |
| Defendant. | )   <u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Deirdre Gooden, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3.  Plaintiff, Deirdre Gooden ("Gooden"), is a citizen of the State of Kansas, residing in the District of Kansas, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for an AT&T account.

4.  Defendant, Enhanced Recovery Company, LLC ("ERC"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the District of Kansas. In fact, ERC was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant ERC is authorized to conduct business in the State of Kansas, and maintains a registered agent here, see, record from the Kansas Secretary of State, attached as Exhibit A. In fact, Defendant ERC conducts business in Kansas.

## FACTUAL ALLEGATIONS

6. Ms. Gooden filed a Chapter 13 bankruptcy petition in a matter styled In re: Gooden, District of Kansas Bankr. No. 14-21680 in 2014. She thereafter converted her bankruptcy to a Chapter 7 in 2019, and upon conversion, included the debt she allegedly owed to AT&T ("Creditor"). Accordingly, on or about August 19, 2019, the Creditor was sent, via U.S. Mail, notice of the bankruptcy by the court, see, Notice of Amendment of Schedules D, E, F, G or H (Additional of Creditor(s), which is attached as Exhibit B.

7. Moreover, on December 4, 2019, Ms. Gooden received a discharge of her debts, and on December 5, 2019, the Creditor was sent, via electronic transmission, notice of the discharge by the court, see, the Certificate of Service to the Order of Discharge, which is attached as Exhibit C.

8. Even though Plaintiff's bankruptcy is a matter of public record, is in the files of the Creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services, on March 15, 2021, Defendant ERC tried to collect this debt from Ms. Gooden by making a negative report on her Experian credit report.

The pertinent part of Ms. Gooden's Experian credit report is attached as Exhibit <u>D</u>.

9. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

<u>See</u>, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

10. Ms. Gooden had been informed by counsel and believed that she had the right to no longer pay this debt, a right to privacy and a right to a fresh start, including her credit history. Defendant's continued collection actions, after she had received her discharge, made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Gooden's legally protected rights to be left alone, to privacy and to a fresh start

11. Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether she had been discharged for this debt by filing bankruptcy, whether she had the right to be left alone.  Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was discharged, alarmed, confused and emotionally distressed Ms. Gooden and impacted her credit score.

12. All of Defendant ERC's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, <u>see</u>, <u>Kalebaugh v. Berman & Rabin, P.A.</u>, 43

F.Supp.3d 1215, 1220-1222 (D.Kan. 2014); Covington v. Franklin Collection Servs., 2016 U.S.Dist.LEXIS 103601 at [*5]-[*6] (D.Kan 2016).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Collecting Actions On A Debt That Was No Longer Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16. Attempting to collect a debt that was discharged in a bankruptcy, through making a negative credit report, constitutes the use of a false and/or deceptive or misleading representation in connection with the collection of a debt, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

17. Defendant ERC's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt had been discharged in Plaintiff's bankruptcy, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendant's violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Deirdre Gooden, prays that this Court:

1. Find that Defendant ERC's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gooden, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deirdre Gooden, demands trial by jury.

    Deirdre Gooden,

    By: /s/ James R. Crump
    One of Plaintiff's Attorneys

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: July 23, 2021

James R. Crump     (#78704)
Ryan M. Callahan   (#25363)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041

5

james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps      (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com